UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEGEND PICTURES, LLC,<br><br>　　PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>　　DEFENDANTS. | CASE NO.: 23-CV-15431<br><br>FILED UNDER SEAL |

**AMENDED COMPLAINT**

Plaintiff, Legend Pictures, LLC ("Legendary" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships and Unincorporated Association identified on Schedule A, attached hereto (collectively, "Defendant"), and for its Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1.　This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.　This Court has personal jurisdiction over the Defendant, in that the Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit were undertaken in Illinois and within this Judicial District.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since the Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet store operating under the online marketplace account identified on Schedule A which offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and, on information and belief, has sold, and continues to sell products that infringe Plaintiff's federally registered copyrights. The Defendant is committing tortious acts, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

## INTRODUCTION

4. This action has been filed to combat the online copyright infringement activity of Defendant, who trades upon Plaintiff's valuable copyrights by selling and/or offering for sale unauthorized, unauthentic, and infringing products in connection with Plaintiff's federally registered copyrights, as well as to prevent Defendant's selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by Legendary.

5. Plaintiff, Legend Pictures, LLC, along with Warner Bros. Entertainment, Inc., is the co-owner and copyright holder for the film "Trick 'r Treat," and Plaintiff is the owner of numerous other Trick 'r Treat copyrights, all of which have effective registration dates as early as 2009 and are attached hereto as **Exhibit 1** (hereinafter referred to as "TRT Copyrights"). Examples of the copyrighted images covered by the registrations are shown in the table below.

| EXAMPLES OF TRT COPYRIGHTED IMAGES ||
|---|---|
|  ||

6. In an effort to illegally and deceptively profit from the TRT Copyrights, Defendant created at least one online marketplace account (referred to as "Defendant Internet Store" or "Seller Alias"), intentionally designed in look, feeling, and suggestion to give the impression to consumers that it is a legitimate website selling products manufactured by or authorized by Legendary (the "TRT Products"), with Defendant's ultimate intention being to deceive unknowing consumers into purchasing unauthorized and infringing Trick 'r Treat products (hereinafter referred to as "Infringing TRT Products" or "Infringing Products").

7. Defendant attempts to avoid liability by going to great lengths to conceal both its identities and the full scope and interworking of its illegal operation.

8. Plaintiff is forced to file this action to combat Defendant's ongoing infringement of Plaintiff's TRT Copyrights (collectively, "Legendary Intellectual Property" or "Legendary IP"). Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content, and tarnishment of its valuable TRT Copyrights as a result of Defendant's actions and is thus seeking injunctive and monetary relief.

**THE PLAINTIFF**

9. Founded in 2000, Legend Pictures, LLC, is a limited liability company with its primary offices located at 2900 W. Alameda Avenue, Burbank, California 91505.

10. Legendary is a leading media company dedicated to owning, producing, and delivering content to worldwide audiences. Legendary's productions have grossed more than $20 billion worldwide at the box office.

11. One of Legendary's productions is the anthology horror comedy film "Trick 'r Treat" which was released in 2007. Since its release, it has received critical acclaim and generated a strong cult following.

12. Legendary has an exclusive agreement with Warner Bros. Entertainment, Inc., which grants Legendary exclusive rights to develop, manufacture, distribute, license, sell, promote and otherwise exploit goods and services of every kind and nature based upon or derived from the film "Trick 'r Treat" throughout the world in perpetuity.

13. Legendary is the exclusive source and licensor of all official TRT Products including, but not limited to, clothing, costumes, décor, toys, and accessories. Legendary is in the business of developing, marketing, selling, and distributing TRT Products worldwide. Examples of Legendary's ecommerce store are shown below.



**AUTHENTIC ECOMMERCE EXAMPLES**

14. Legendary has expended significant time, energy, money, and resources into promoting TRT Products. Legendary has been licensing and distributing merchandise related to the film for more than ten years.

15. Due to the efforts of Legendary, the quality of its TRT Products, the promotional efforts for the film and its related products and designs, press and media coverage, and widespread marketing, members of the public have become familiar with the TRT Products and the TRT Copyrights.

4

16. As a result, TRT Products are widely known and recognizable, and are exclusively associated by consumers as being official Trick 'r Treat merchandise sourced from Plaintiff. This consumer recognition, awareness, and goodwill in the TRT Products and Copyrights are of incalculable and inestimable value to the Plaintiff.

17. Legendary has made efforts to protect its interests in and to the Legendary Intellectual Property. Legendary and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the TRT Copyrights, without the express written permission of Legendary.

18. Plaintiff has not licensed or authorized Defendant to use the TRT Copyrights nor has it licensed or authorized Defendant to sell TRT Products which utilize the TRT Copyrights, and/or are derivative thereof.

**THE DEFENDANT**

19. Defendant is an individual and/or business entity who, upon information and belief, resides in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including Illinois, and within this Judicial District, through the operation of at least one fully interactive commercial website and online marketplace account operating under the Seller Alias. The Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell Infringing TRT Products to consumers within the United States, Illinois, and this Judicial District.

**THE DEFENDANT'S UNLAWFUL CONDUCT**

20. The success and widespread popularity and recognition of the Trick 'r Treat film and TRT Products has resulted in significant counterfeiting and intentional copying. Plaintiff has identified numerous fully interactive websites and marketplace listings on platforms which include,

but are not limited to, those operated by Alibaba (the "Online Marketplace") including the Defendant Internet Store, which is offering for sale, selling, and importing Infringing TRT Products to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Store are estimated to receive tens of millions of visits per year and to generate over $509 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[1] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

21. As recently addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above-mentioned digital marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[2]

22. Upon information and belief, Defendant facilitates sales by designing its Internet store and product listings to appear to unknowing consumers as authorized online retailers, outlet stores, or wholesalers selling genuine TRT Products. The Defendant Internet Store looks sophisticated and perpetuates an illusion of legitimacy – it accepts payment in U.S. dollars; it includes images and design elements that make it difficult for consumers to distinguish the

---

[1] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).
[2] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

unauthorized website from an authorized website; it offers "live 24/7" customer service; and, it uses indicia of authenticity and security that consumers have come to associate with authorized retailers.

23. Upon information and belief, Defendant also deceives unknowing consumers by using the Legendary name and titles of Legendary's copyrighted works without authorization within the content, text, and/or metatags of its website, in order to attract and manipulate search engines into identifying the Defendant Internet Store as a legitimate website for TRT Products. Defendant also employs other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Store shows up at or near the top of relevant search results, including tactics to propel new domain names to the top of search results after others are shut down. These tactics are meant to, and are successful in, misdirecting consumers who are searching for genuine TRT Products.

24. Further, illegal operators, like Defendant, typically operate multiple payment processor and merchant accounts, including but not limited to, one or more financial accounts operated through platforms such as eBay, PayPal, Payoneer, Stripe, LianLian, Wish, Amazon, Temu, Walmart, Printerval, and Alipay (collectively, the "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Additionally, and upon information and belief, Defendants often maintain offshore bank accounts and regularly move funds from their Payment Processor accounts to said offshore bank accounts, outside the jurisdiction of this Court.

25. Defendant, without any authorization or license, have knowingly and willfully infringed the TRT Copyrights in connection with the advertisement, distribution, offering for sale, and sale of illegal, and infringing products into the United States and Illinois.

26. In committing these acts, Defendant has, among other things, willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to Legendary's TRT Copyrights: infringed upon and copied the TRT Copyrights; created, manufactured, sold, and/or offered to sell Infringing Products and/or products which infringe upon Legendary Intellectual Property; used the Legendary IP in an unauthorized manner in order to sell, advertise, describe, mislead, deceive, and trade upon the TRT Copyrights; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expenses of Legendary.

27. Plaintiff does not yet know the full extent and identity of the channels through which Defendant sources and sells the Infringing Products. Defendant directed, supervised, and/or controlled activity infringing on Plaintiff's Copyrights and the sale of Infringing Products. Defendant has a direct financial interest in, and gain a direct financial benefit from, infringing activity and realize profits from the sale of Infringing Products.

28. Unless enjoined, Defendant will continue to cause irreparable harm to Legendary.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

29. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

30. The Trick 'r Treat film and TRT Copyrights are the subject of multiple valid copyright registrations held by the Plaintiff.

31. Plaintiff, at all relevant times, has been the holder and/or co-holder of the copyright registrations and the exclusive rights of and belonging to Legend Pictures, LLC, including, but not limited to, the TRT Copyrights and derivative works.

32. These copyrights have significant value and have been produced and created at considerable expense.

33. The copyrighted products typically include a copyright notice advising the general public that the TRT Products are protected by the copyright laws of the United States.

34. Upon information and belief, Defendant had access to the copyrighted work through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendant wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in acts of widespread infringement.

35. Legendary is informed, and thereon alleges, that Defendant further infringed the TRT Copyrights by making, or causing to be made, derivative works by producing and distributing unauthorized reproductions of the TRT Copyrights, without permission of Legendary.

36. Defendant, without the permission or consent of the Plaintiff, has sold, and continues to sell, online infringing copies and/or derivative works of Plaintiff's Copyrights. Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq*.).

37. Further, as a direct result of the Defendant's acts of copyright infringement, Defendant has obtained profits it would not have otherwise realized but for its infringement of Plaintiff's Copyrights. Legendary is entitled to disgorgement of Defendant's profits, directly and indirectly, attributable to said infringement.

38. As a result of Defendant's infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

39. The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C.

§§502 and 503, Plaintiff is entitled to injunctive relief prohibiting the Defendant from further infringing Plaintiff's Copyrights and ordering that Defendant destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's copyrighted works.

## COUNT II
### FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))

40. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

41. Plaintiff, as the co-owner of all right, title, and interest in and to the Trick 'r Treat film and TRT Copyrights, and exclusive rights in the TRT Products, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

42. The Trick 'r Treat film, name, and images are well-known internationally, and the TRT Copyrights and TRT Products are used and sold by Legendary worldwide.

43. Defendant's promotion, marketing, offering for sale, and sale of Infringing Products using the Trick 'r Treat name and images, has created, and continues to create a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff.

44. By using the TRT Copyrights in connection with the sale of unauthorized products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products by Plaintiff.

45. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

46. Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of Plaintiff, the Trick 'r Treat film, and TRT Copyrights.

47. As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its TRT Products and by depriving Plaintiff of the value of its TRT Copyrights as commercial assets in an amount as yet unknown.

48. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq*.)

49. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

50. Defendant has engaged in acts violating Illinois law, including, but not limited to, passing off unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of Defendant's goods, thus causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine TRT Products, through Defendant's representation that Defendant's Infringing Products have Plaintiff's approval, when they do not.

51. The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

52. Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with Defendant be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the TRT Copyrights or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized TRT Product, or is not authorized by Plaintiff to be sold in connection with the TRT Copyrights;

   b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the TRT Copyrights;

   c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the TRT Copyrights, or which are derived from the TRT Copyrights;

   d. further infringing the TRT Copyrights and damaging Plaintiff's goodwill;

   e. using, linking to, transferring, selling, exercising control over the Defendant Internet Store, Defendant product listings, or any other domain name or online marketplace

    account that is being used to sell products or inventory not authorized by Plaintiff which bear the TRT Copyrights or which are derived from the TRT Copyrights;

  f. operating and/or hosting the website of the Defendant Internet Store, and any other domain names registered to or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which bear the TRT Copyrights, or which are derived from the TRT Copyrights.

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Store, and domain name registrars, shall:

  a. disable and cease providing services for any accounts through which Defendant engages in the sale of products not authorized by Plaintiff which bear the TRT Copyrights, including any accounts associated with Defendant;

  b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of products not authorized by Plaintiff which bear the TRT Copyrights, or which are derived from the TRT Copyrights; and,

  c. take all steps necessary to prevent links to the Defendant Internet Store identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Store from any search index.

3) That Defendant accounts for, and pays to, Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501; and, b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. §504, and 15 U.S.C. §1114, at the election of Plaintiff;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

7) Any and all other relief that this Court deems just and proper.

DATED: November 29, 2023

Respectfully submitted,

*/s/ Alison Carter*
Ann Marie Sullivan
Alison K. Carter

**SULLIVAN & CARTER, LLP**
2743 N. Ridgeway Ave.
Chicago, Illinois 60647
Telephone: 929-724-7529
E-mail: a.carter@scip.law

***ATTORNEYS FOR PLAINTIFF***