IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XYZ CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-cv-15431 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court has reviewed the plaintiff's amended complaint, (Dckt. #17), plaintiff's motion for leave to file under seal and to temporarily proceed under a pseudonym, (Dckt. #8), plaintiff's motion for temporary restraining order, (Dckt. #11), and plaintiff's motion for electronic service of process, (Dckt. #13), and orders as follows.

First, with respect to joinder, plaintiff has amended its complaint and accompanying schedule A, (Dckt. #17-2), to include only one defendant. Accordingly, the Court's prior concern regarding the propriety of joining over 170 defendants is now moot and the plaintiff may proceed on its amended complaint.

As for plaintiff's motion to file under seal and to proceed under a pseudonym temporarily, (Dckt. #8), that motion is granted in part and denied in part. At a minimum, plaintiff's submissions establish that, were defendant to learn of these proceedings before the execution of plaintiff's requested preliminary injunctive relief, there is a significant risk that defendant could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court. Accordingly, subject to unsealing at an appropriate time, plaintiff's request to seal certain documents is granted. The temporary restraining order that will be entered in due course shall also be placed under seal.

Plaintiff's request to proceed under a pseudonym temporarily, however, is denied. As the Seventh Circuit has explained, "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate exceptional circumstances that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016); *see also Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("[T]his circuit's decisions . . . disfavor anonymous litigation."); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d

1

869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts.").

     Here, plaintiff has failed to demonstrate the requisite "exceptional circumstances" to warrant proceeding anonymously under the factual scenario presented by this case.  Although plaintiff refers the Court to websites such as "SellerDefense" – which monitors court dockets and advises alleged counterfeiters to remove any potentially infringing merchandise – plaintiff has presented no evidence that *it* has been the target of such tactics.  Further, and more importantly, plaintiff has failed to demonstrate that the safeguards already in place will not otherwise protect its interest in enforcing its brand rights.[1]  See *XYZ Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 21-CV-06471, 2022 WL 180151, at *2 (N.D.Ill. Jan. 20, 2022) ("There is insufficient evidence . . . that Schedule A defendants are taking advantage of the case-tracking option to such an extent that it is materially impeding brand owners' enforcement efforts.").  Moreover, plaintiff's *ex parte* motion for a temporary restraining order is being adjudicated contemporaneously, and the identity of the defendant entity will be placed under seal during the pendency of the *ex parte* proceedings.  Given these protections for plaintiff's legitimate interests, the countervailing strong public interest in knowing who is seeking recourse in the federal courts compels the Court to deny plaintiff's request to conceal its own identity, even initially.

     Finally, plaintiff's *ex parte* motion for a temporary restraining order, including a temporary injunction, a temporary asset restraint, and expedited discovery, (Dckt. #11), and plaintiff's motion for electronic service of process, (Dckt. #13), are granted solely with respect to the defendant included on plaintiff's amended schedule A.  Plaintiff's filings support proceeding on an *ex parte* basis at this time.  Specifically, and as noted above, were defendant to be informed of this proceeding before a TRO could issue, the Court finds that it is likely that its assets and websites would be redirected, thus defeating plaintiff's interests in identifying the defendant, stopping defendant's infringing conduct, and obtaining an accounting.  In addition, the evidence submitted by plaintiff shows a likelihood of success on the merits (including evidence of active infringement and sales into Illinois), that the harm to plaintiff is irreparable, and that an injunction is in the public interest.  An injunction serves the public interest because of the consumer confusion caused by counterfeit goods, and there is no countervailing harm to defendant from an order directing it to stop infringement.  Electronic service of process does not violate any treaty and is consistent with due process because it effectively communicates the pendency of this action to defendant.  Expedited discovery is warranted to identify defendant and

---

[1] Not only are many of the cases cited by plaintiff factually distinguishable (as they fall well outside the context of Schedule A infringement cases such as this one), but – in most – the Circuit Court *affirmed* the district court's denial of a request to proceed anonymously.  *See, e.g., Village of Deerfield*, 819 F. 3d at 377 (affirming decision to deny §1983 plaintiff's request to proceed anonymously); *Doe v. Megless*, 654 F. 3d 404, 410 (3d Cir. 2011) (same); *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (affirming decision to deny Title VII plaintiffs' request to proceed anonymously); *cf. Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("As an aside, we express our concern about the plaintiff's litigating under a pseudonym.").  Moreover, the few cases plaintiff cites in which the Court permitted a Schedule A plaintiff to proceed under a pseudonym in this District provide minimal – if any – analysis to persuade the Court such exceptional relief is warranted here.  (Dckt. #9 at 9, n.8).

to implement the asset freeze. By January 5, 2024, plaintiff shall submit an amended proposed TRO that properly reflects the amended schedule A.

**Date: January 3, 2024**

                                                                         **Jeffrey I. Cummings**
                                                                         **United States District Court Judge**